UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC - 9 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Kelvin Cannon, Jr., )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 11 2179
 )
The United States of America, )
 )
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's three *pro se* complaints against the United States — consolidated into this one civil action — and his application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

The plaintiff is a homeless individual in the District of Columbia suing the United States for $1 billion. The facts alleged in each complaint are substantially the same. The plaintiff first recounts the alleged circumstances leading up to his homelessness in September 2009 and then recounts a life of hardship. The alleged facts do not implicate an employee or agency of the United States in any wrongdoing, but the plaintiff concludes that he is "seeking compensation for the negligent damages causing my lack of education thus inducing the cause of discrimination prevent [sic] my employment deeming me homeless." Complaint at 3.

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is

jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). The plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Therefore, this action will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").[1]

Robert L. Wilkins
United States District Judge

Date: December 6, 2011

---

[1] A separate Order accompanies this Memorandum Opinion.